Freeman, J.,
delivered the opinion of the court:
An agreed state of facts show that the defendant had an army pistol, such as is used in the United States army, and was earning the same in a sack, which was in the hands of the defendant. The pistol was thus concealed from public view, and not carried ojjenly in his hand. The indictment is under the act of 3871, ch. 90, sec. 4759 f, of the Code (Appendix) [see now Shannon’s Code, sec. 6641], which permits the carrying of such a pistol as is used in the United States army, but requires that it shall not be carried publicly or privately about the person, in any other manner than openly in the hand."
The case is literally within the statute, but the question is, whether it is in the spirit of the statute, or within the mischief intended to be remedied. The case of Page v. State, 3 Tleis., 198, construing the act of 1870, ch. 13, similar to this, but which did not except the army pistol, holds that the offense depends upon the intent to go armed. If this be so, it follows that his Honor erred in holding the simple fact of carrying an. army pistol in a sack was a violation of law. In order to support a conviction in such a case, the additional element must be shown that it was SO' earned for the purpose of going armed. If this purpose existed, he could only carry it openly in his hands. The verdict of the jury cannot aid the conviction, as it depends on the construction by the court of the statute in question.